IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ERNEST NOBLE JENKINS,     :

  Plaintiff,       :

vs.           :  **CIVIL ACTION 20-0271-TFM-MU**

WARDEN TONY, *et al.*,    :

  Defendants.     :


## REPORT AND RECOMMENDATION

Plaintiff, a former Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983.[1]  This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(S), and District Judge Moorer's order (Doc. 3, PageID.3), is recommended to be transferred to the United States District Court for the Northern District of Alabama.

Plaintiff previously was incarcerated at Bibb County Correctional Facility (Bibb) in the Northern District of Alabama.  (Doc. 1 at 5, PageID.5).  And he has given Bibb's address for the Defendants.  (*Id.* at 3-4, PageID.3-4).  Furthermore, he complains about his conditions of confinement when he was at Bibb, which was from November 2018 until he was released at the end of his sentence at an unspecified time.  (*Id.* at 4, PageID.4). Even though he identifies no injury, he seeks compensatory and punitive damages as well as to "make sure the living conditions [improve]."  (*Id.* at 8, PageID.8).  No connection

---

[1] Along with the complaint, Plaintiff filed a letter motion requesting that his fees be waived.  (Doc. 2, PageID.2).  A ruling on this motion is being withheld, so the transferee court may address it.

to the Southern District of Alabama is evident from his complaint except for his use of this Court's outdated § 1983 complaint form.

The judicial district in which a § 1983 action may be brought is

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2011); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a) (1996); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (affirming the *sua sponte* transfer, pursuant to § 1406(a), of a *Bivens* action from New York to Georgia), *cert. denied,* 562 U.S. 1250 (2011).

In the present action, the address given for Defendants is a Bibb address in the Northern District of Alabama, and the events giving rise to Plaintiff's action likewise occurred at Bibb in the Northern District.  (Moreover, Plaintiff's current address is in the Northern District of Alabama.)  Thus, Plaintiff's action appears to have no connection to this district.  Venue is therefore lacking and appears to be proper in the Northern District.  Considering Plaintiff's *pro se* status, it is recommended, in the interest of justice, that

Plaintiff's action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).[2]

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

---

[2] The Clerk is **DIRECTED** to send District Judge Moorer's order dated May 12, 2020 (Doc. 3, PageID.11) to Plaintiff along with this Report and Recommendation.  Plaintiff is advised that the Court previously sent a copy of this order to him twice at the address he provided, with both copies being returned to the Court.  (Docs. 3, 4).  In light of this returned mail, the Clerk is **DIRECTED** to send Plaintiff's copy of this Report and Recommendation and the May 12, 2020 order to Plaintiff by certified mail, return receipt requested.

refers to the briefing before the Magistrate Judge is not specific.

      **DONE and ORDERED** this 9th day of July, 2020.


                              **<u>/s/ P. BRADLEY MURRAY</u>**
                              **UNITED STATES MAGISTRATE JUDGE**